FILED

2020 May-01  PM 12:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT FOR NORTHERN ALABAMA

**CATHEY HOLMES,**

    PLAINTIFF

**V.**

Case No. 5:20-cv-613-HNJ

**CREDIT ACCEPTANCE CORPORATION,**

    DEFENDANT

---

## COMPLAINT

---

**TO THE HONORABLE DISTRICT COURT OF NORTHERN ALABAMA,** Plaintiff, Cathey Holmes, representing herself before the court hereby file her complaint against Credit Acceptance Corporation for violation of the following:

**Violation against Plaintiff:**

1

**Count One:**   Credit Acceptance Corporation ( CAC) sold and financed Cathey Holmes a fraudulent warranty under 1692  ( f) of the Consumer Protection Act  by suing Holmes in state court without showing validation of unfair practices of debt collection.

**Count Two:**  Credit Acceptance Corporation ( CAC) is responsible as a furnisher provided false information to the three credit bureaus on the installment loan with buyer, Cathey Holmes.

**Count Three:**  Credit Acceptance violated the Federal Arbitration Act by not allowing Holmes the opportunity to arbitrate entitlement of the vehicle prior to bringing legal action against her.

Count Three:   Credit Acceptance for failure to provide location, terms and conditions of goods and services purchased by  a consumer.

## Introduction of Credit Acceptance Corporation

- Credit Acceptance Corporation ( *hereinafter as CAC*)  located in Southfield, Michigan, a subprime lender for over ten years, targets consumers who have poor or bad credit history seeking a second chance in improving their credit.  Credit Acceptance has approved dealers who market Credit Acceptance warranties and gap insurance on vehicles being financed by consumers. Cars qualified for financing with Credit Acceptance with financing the warranty are provided no or little information related to the warranty or gap insurance. Warranty coverage has had different names, (ie First Automotive, Wynn, and Superior). Warranty coverage is provided oral or by a flyer from the dealer providing little or no proof

2

in real coverage. Coverage and gap insurance are added into the installment loan. Many of the vehicles approved are pre-damaged vehicles being financed. Shortly after financing, many of the consumers have no additional information on how to use the warranty or to file a claim, except through the lender, Credit Acceptance Corporation resulting in hidden fees of the warranty and denied coverage on issues of pre-existing damages.

Credit Acceptance also has a history of applying to consumers accounts without the consent of the consumer's knowledge. Credits or adjustments also known as " *rebates*" are applied to consumer's accounts without any explanation or notification to the account. Unless a consumer requests for a payment history they are unaware of such a transaction.

Finally, original loan amounts submitted by Furnisher, CAC are inconsistent in reporting on a consumer's credit report versus CAC sending letters of the original loan. Many consumers have reported seeing a lower balance on their credit report than what is mailed or told by a CAC representative of the original balance.

In 2017, a consumer, Samantha Rajapakse sued CAC *( Rajapakse v. Credit Acceptance No. 2017-13411 )* for violation of the failure to verify the warranty, its location and disclosure of the terms, as well as misapplied payments resulting in a wrongful repossession and CAC unable to validate consumer's debt . Additional issues were CAC not only adjusting the consumer's account without the consumer's knowledge, but applying "rebates" on the account on used

vehicles being financed. Affidavits of additional consumers providing testimony with knowledge of CAC fraudulent accounting and business practices.

## Jurisdiction

Plaintiff brings this action before the court under 28 .U.S.C. §1331 subject matter over the controversy of her complaint.

Plaintiff, Cathey Holmes  residence at 4900 Alburta Road, NW, Huntsville, Alabama in Madison County.

Defendant, Credit Acceptance Corporation is located at 25505 12 Twelve Mile Road in SouthField, Michigan, Oakland County 48034.

The laws of Alabama statute is used in the complaint where the contract was consummated and the vehicle title was mailed to.

## RIGHTS OF THOSE COMING BEFORE THE COURT REPRESENTING THEMSELVES

Plaintiff, Cathey Holmes comes before this court representing herself ( hereinas Pro se)  using this court to exercise her rights under the Bill of Rights to provent the manifestation of Justice

## Plaintiff's Right of Entitlement of Property

On or about October, 2013 Plaintiff, Cathey Holmes financed a 2006 Saturn Vue from Affordable Motors which is now out of business. Holmes financed the vehicle of $11,555.00 with a $4,000.00 down payment. The dealer told her about the warranty and gap insurance included into the sale price bringing the total of $328.00 a month for five years. After the sale of the purchase, Holmes never received any additional documentation related to the warranty or gap insurance on the vehicle. Holmes made timely payments.  In 2016 a total of #15,772.48 was made towards the payment of the vehicle. On or about April, 2016 CAC sent the title of the vehicle to Holmes in the mail at her Mother's address. The title provided by CAC stated they were releasing the vehicle to Holmes releasing her from all debts of the vehicle. In June, 2016, Holmes used the release title to put 2 (two) title loans on the vehicle and signed the title to Quick Cash Title loan formally Discount Title Loan which the vehicle was later repossessed by the company.  CAC filed a summons against Holmes in Madison County Courthouse  *( Credit Acceptance Corp v. Holmes # 2016  901437)* seeking  a default for the balance in the amount of $9,599.19 on  the installment loan. Holmes contacted CAC and advised the representative of her possession of the title to the vehicle. CAC stated that although she was provided the title, the debt was never satisfied.  Holmes sought the assistance through Legal Aid of Alabama against CAC and appointed a Legal Counsel of legal representation.  Madison County Courthouse ordered a judgement against Holmes after the court sought payments after the title was provided to her.  Representation of Legal Aid of Alabama advised Holmes due to her being disable CAC could not seek monetary funds from her in the judgment as long as she is disable.

## Warranties purchased by consumer

Warranties for goods and services are required by the *18 U.S.C §2301 and §2302* breach of warranty of the Magnuson-Moss Act enacted by Congress to prevent consumers from being a victim's purchasing warranty services on products.  This act allows the sale of goods or services directly or indirectly held accountable for such products.  CAC violated the contract between the parties related to the terms of the warranty by failure to properly reflect payment or credits on the account and applying "rebates"  which only applies to the financing of new vehicles.  The Fifth Circuit Court held that even a small violation of the Truth in Lending Act, no matter how technical, the court has no discretion as to the imposition of civil liability, *Grant v. Imperial Motors, 539, F. .2d 507 (5th Cir. 1976); Williams v. Public Finance Corp. 598  F. .3d 349, ( 5th Cir. 1979).*

## CREDIT ACCEPTANCE VIOLATION OF CATHEY HOLMES CREDIT

Ineffective counsel by Legal Aid of Alabama allowed CAC to obtain a judgment by the state court although Holmes has possession of the title of the vehicle. Counsel for Holmes advised her that although CAC obtained a judgment, she could never be garnished for the balance of the vehicle due to her disability but the judgment would affect her credit.  CAC violated the *Fair Credit Reporting Act 15 U.S.C. §1666 c* by not promptly of credit of payments related to Holmes account and providing false information to the three credit bureaus as a furnisher,*§ 1681 s 2*. Causing unfair practices which  the debt could not be validated, *§1692g.*

## Entitlement of Property

Plaintiff's raises several issues in this court against Credit Acceptance Corporation related to a consumer installment loan:

CAC went into the contract with Holmes with unclean hands when the warranty was sold and attached to the installment loan with no intention of providing service to the loan or informing Holmes the location and terms and condition of the loan. Therefore, the purchase amount, interest attached to the purchase and the years should have be credit to the account and the account adjusted to reflect the new amount. Credit Acceptance failed to do so. This pattern and practice of Credit Acceptance caused the contract to become fraudulent and therefore, the contract itself should have been void.

## EVIDENCE PREPARED TO BE SUBMITTED INTO THE COURT

Plaintiff's intro of evidence will include a discovery not only to CAC, but to Discount Title in obtaining the original title provided to Holmes in satisfying the debt with Credit Acceptance making not only her complaint relevant, but reliable, making relevant a fact, *Daubert v. Merrell Dow Pharmaceutical, Inc., 509 U.S. 113, S. Ct. 2786, 125 L. Ed. .2d 469.*

## FOUNDATION IN SEEKING PUNITIVE DAMAGES

CAC obtaining judgment from the state court against Holmes when the title was delivered to her has caused her to be denied credit and unable to retain a home, decreased her credit, including duress, humiliation, and financial hardship. Low credit score, either by a

7

consumer own responsibility or by the furnisher, can cause long term affect on a party seeking to rebuild their lives. No consumer shall be immune from causing such harm without allowing a consumer to be made whole from their injuries, emotional, physical, or financial.

**IT IS THEREFORE, *Plaintiff prays*:**

1. The Defendant's are served her complaint filed before this court and ordered an answer.

2. Plaintiffs are allowed to submit evidence to support her complaint against Credit Acceptance Corporation.

3. The court awarded Plaintiff entitled to the property in question and the judgment filed in the state be vacated.

4. The Court awarded Plaintiff punitive damages for wrongful judgment, credit denial, and emotional duress.

5. The Court order Defendant, Credit Acceptance to sanitize Plaintiff's credit.

Respectfully Submitted,

Cathey Holmes
Plaintiff/Pro se
4900 Alburta Road, NW,
Huntsville, Alabama
(256) 348-5680