# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CATHEY HOLMES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:20-cv-0613-LCB |
| | ) |
| **CREDIT ACCEPTANCE** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

Pro Se Plaintiff Cathey Holmes filed this action over two years ago, alleging she was the victim of Defendant Credit Acceptance Corporation's devious financial practices. (Doc. 1). The Court ordered the Parties to arbitration on February 5, 2021, (Doc. 31), and to submit status reports with the Court detailing those proceedings every 90 days until the matter was resolved. *Id*. Holmes initiated arbitration with the AAA in July 2021. (Doc. 44 at 2). On March 21, 2022, the arbitrator entered an award in CAC's favor, and the American Arbitration Association (AAA) closed the matter on April 5, 2022. *Id*.

Before the Court are Holmes's Motion to Vacate (Doc. 42), Motion for Relief, Jury Trial, or Summary Judgment, (Doc. 45), and a Motion for a Ruling to Reopen Case or Assign Another Judge. (Doc. 48). Also before the Court is CAC's Cross-Motion to Confirm its Arbitral Award. (Doc. 43).

1

For the reasons outlined below, Holmes's Motion to Vacate is **DENIED**. Further, Holmes's other Motions are **DENIED** because her contentions there mirror the contentions raised in her Motion to Vacate. The Court **GRANTS** CAC's Motion and **CONFIRMS** its award.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Federal Arbitration Act (FAA) empowers courts to confirm arbitration awards by entering an order and judgment upon the same. 9 U.S.C. § 9. "The Federal Arbitration Act . . . imposes a heavy presumption in favor of confirming arbitration awards. . . . As a result, a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002). Courts must confirm awards unless the award falls under one of the "narrow grounds upon which an award can be vacated, modified, or corrected," listed in Sections 10 and 11 of the Act. 9 U.S.C. § 9.

When reviewing an arbitral decision, courts apply a standard that is "among the narrowest known to the law." *Union Pac. R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978). "On motions to confirm or to vacate an award, it is not the function of courts to agree or disagree with the reasoning of the arbitrators." *Guardian Builders, LLC v. Uselton*, 154 So. 3d 964, 968 (Ala. 2014). "Courts are only to ascertain whether

there exists one of the specific grounds for vacation of an award." *Id.* If an arbitrator "even arguably constru[ed] or appl[ied] the contract," the court must uphold the decision. *Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1302 (11th Cir. 2015).

Section 10 of the FAA provides four circumstances where vacatur or alteration of an arbitral award is appropriate: (1) where the award was "procured by corruption, fraud, or undue means;" (2) where there was evident partiality or corruption by the arbitrators; (3) where the award involved arbitrator "misbehavior by which the rights of any party have been prejudiced;" or (4) "where the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10.

## DISCUSSION

### I. HOLMES'S CONTENTIONS DON'T MEET THE CRITERIA FOR VACATUR.

Holmes contends the Court must vacate CAC's arbitral award because it meets every criterion outlined in 9 U.S.C. § 10. (Doc. 42 at 14). The Court disagrees.

#### A. CAC didn't procure its award through fraud.

A party may petition a district court to vacate an arbitral award under 9 U.S.C. § 10(a)(1) if the award was "procured by corruption, fraud, or undue means[.]" To prevail on such a challenge based on fraud, an arbitral loser must show (1) by clear and convincing evidence, that (2) the fraud wasn't discoverable upon the exercise of due diligence prior to or during the arbitration, and (3) that the fraud must've been

3

materially related to an issue in the arbitration. *Floridians for Solar Choice, Inc. v. Paparella*, 802 Fed. App'x. 519, 522–23 (11th Cir. 2020). A challenger must meet all three prongs. *Id*. Holmes meets none.

Construing Holmes's contentions in accord with the favorable standard afforded her, the Court understands her to argue CAC defrauded the arbitrator by submitting a forged contract for his consideration. (Doc. 1 at 9, 13–14, 57). Holmes hasn't provided the Court with any evidence – much less clear and convincing evidence – that the arbitral award was a product of fraud. Instead, she simply states that she'd never seen the contract CAC gave the arbitrator and concludes that it was forged. This fails to meet, head–on, her requirement to adduce clear and convincing evidence that this fraud wasn't discoverable before or during arbitration. In fact, some positions Holmes stakes out in her filings show this agreement was discoverable and that Holmes had seen it before. For instance, Holmes engaged CAC in litigation on this matter in the Madison County Circuit Court before filing this action and submitting her claims to arbitration. (Doc. 42 at 15). There, she was represented by counsel. *Id*. at 16. The Court has no doubt that Holmes knew of the contract based on discovery conducted in that court. Regardless, the Court notes that the current docket belies Holmes's contention that she'd never seen that contract. It was the contract that compelled the parties to arbitration. (*Compare* Doc. 6-1 at 6–9 *with* Doc. 43-2 at 13–17). Moreover, Holmes acknowledged in filings and a sworn

y

affidavit that she entered into that contract. (*See* Doc. 42 at 54; Doc. 10 at 3, 8). In short, Holmes's contentions here are meritless.

### B. There's no evidence that the arbitrator exhibited evident partiality.

Under § 10(a)(2), a claimant may move to vacate an arbitral award where "there was evidence partiality or corruption in the arbitrators[.]" The Eleventh Circuit generally limits vacatur under this subsection to instances where: (1) an actual conflict exists between the arbitrator and the matter; or (2) the arbitrator knows of, but fails to disclose, information that would lead a reasonable person to believe a conflict exists. *Garcia v. Church of Scientology Flag Serv. Org., Inc.*, 2021 U.S. App. LEXIS 32601, at *32 (11th Cir. Nov. 2, 2021). But the Circuit has permitted the evident partiality inquiry to extend areas outside undisclosed conflicts of interest. *Id.* at 33 (collecting authorities). Regardless of the avenue traveled, however, Holmes's contentions fail.

Holmes argues the arbitrator showed partiality to CAC because they were represented by counsel and because their counsel was white and wealthy. (Doc. 42 at 4, 13). But, as with her first claim, Holmes cites no evidence to support her bare conclusions. Indeed, review of the arbitrator's decision shows that Holmes's claims failed there because she'd litigated them in state court. (Doc. 43-3 at 2). Nothing from that decision or the record evinces evident partiality. Holmes thus failed to show that the arbitrator was partial to CAC.

5

### C. There was no arbitral misconduct.

Section 10(a)(3) provides that a court may vacate an arbitral award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced[.]" 9 USCS § 10(a)(3).

Liberally construing her argument, it appears Holmes believes vacatur is appropriate because the arbitrator didn't consider material and pertinent evidence. Namely, the arbitrator didn't let her subpoena her counsel from the parallel state court action and a representative from the lot where she bought the car that gave rise to this suit. (Doc. 42 at 68). First, Holmes hasn't presented any substantive argument on the issue, thus waiving it.[1] Second, to invoke § 10(a)(3)'s relief, a party must explain the evidence's pertinence and materiality and explain how its exclusion prejudiced her. *See Garcia v. Church of Scientology Flag Serv. Org., Inc.*, 2021 U.S. App. LEXIS 32601 \*\*at 37–38 (11th Cir. November 2, 2021). Holmes doesn't do that. Instead, she explains that, during state court proceedings, she was in the hospital and that, after her trial, counsel explained to her that she'd lost but wouldn't have to pay any damages because she was indigent. (Doc. 42 at 2, 9–12). Holmes doesn't

---

[1] *Anderson v. Am. Gen. Life Ins. Co.*, 802 Fed. App'x. 548, 554 (11th Cir. 2020) (noting principle in post-arbitration proceedings)

say what her trial counsel would've said or how that testimony would've been relevant to her claims now. The same holds true for the car dealership representative. Accordingly, Holmes hasn't met her burden under this provision and her claim fails. *See Garcia*, 2021 U.S. App. LEXIS 32601, at *38 (concluding a § 10(a)(3) claim failed because claimants didn't explain what witnesses might have said or how documentary evidence was relevant).

### D. The arbitrator didn't exceed his powers.

To merit vacatur under 9 U.S.C. § 10(a)(4), a contesting party must show the arbitrator did more than

> commit an error—or even a serious error. It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable. In that situation, an arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator exceeded his powers[.]

*Butterworth v. Morgan Keegan & Co.*, 2012 U.S. Dist. LEXIS 140209, **41–42 (N.D. Ala. 2012) (cleaned up). The Supreme Court has reinforced this incredibly high standard:

> A party seeking relief under [9 U.S.C. § 10(a)(4)] bears a heavy burden. It is not enough to show that the arbitrator committed an error—or even a serious error. . . . [A]n arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits. Only if the arbitrator acts outside the scope of his contractually delegated authority—issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract — may a court overturn his determination. So, the sole question for [reviewing courts] is whether the arbitrator

7

(even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.

*Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (cleaned up). Thus, the only inquiry before the Court is whether the arbitrator "had the power, based on the parties' submission or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Guardian Builders, LLC*, 154 So. 3d at 969.

As CAC points out, the only argument Holmes has made that could fit under the umbrella of a § 10(a)(4) challenge is that she didn't know the extent of the arbitrator's authority and the amount of the debt owed given the quality of representation she received in state court. These contentions fail.

First, as noted above, the Court is satisfied that Holmes knew the arbitrator had authority to decide this matter her own statements about the arbitration agreement noted above. Second, insofar as Holmes contests the debt amount and her representation in state court, those matters relate directly to the merits of this case – matters previously decided in state court – given the court's incredibly narrow scope of review in § 10(a)(4), it won't disturb the arbitrator's ruling.

## II. CAC'S MOTION TO CONFIRM IS GRANTED.

Given 9 U.S.C. § 9, the authorities pertaining to confirmation of arbitration awards in the Legal Standards section above, and there being no meritorious grounds for vacating the arbitrator's award, the Court confirms CAC's arbitral award.

## CONCLUSION

Consistent with the above, the Court hereby orders:

1. Holmes's Motion to Vacate (Doc. 42) is **DENIED**;

2. Holmes's Motion for Relief, Jury Trial, or Summary Judgment (Doc. 45) is **DENIED**;

3. Holmes's Motion for Ruling on Motion to Reopen Case or Request for Another Judge is **DENIED** (Doc. 48); and

4. CAC's Cross-Motion to Confirm the Arbitration Award (Doc. 43) is **GRANTED**.

This case is closed and no further order from the Court on this matter shall be forthcoming. **DONE** and **ORDERED** August 8, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE